**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

APR 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD DENT; et al., | No. 22-15261 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-02324-WHA |
| v. | |
| NATIONAL FOOTBALL LEAGUE, a New York unincorporated association, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted March 21, 2023
Pasadena, California

Before: TALLMAN, BYBEE, and VANDYKE, Circuit Judges.

Plaintiffs-Appellants ("Plaintiffs") are eight retired football players who

represent a putative class of individuals who played in the National Football

League ("NFL") between 1969 and 2008. The Plaintiffs allege that they sustained

injuries and chronic medical issues from, or that were exacerbated by, medications

given to them during their playing career to mask their pain. They allege this was

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the product of an unwritten NFL policy to return them to the field more quickly to maximize television revenues by keeping marquee players in the game, placing revenue above player safety.  Plaintiffs allege that the NFL breached a duty it voluntarily undertook to ensure proper recordkeeping, administration, and distribution of federally controlled medications given to players.  In the instant appeal—the third in this case—Plaintiffs now challenge three district court orders: an order denying class certification, an order granting summary judgment, and an order denying a motion for relief from judgment.

We hold (1) the Plaintiffs failed to demonstrate that common questions of law predominated for the putative class, (2) summary judgment was proper because the Plaintiffs' claims are time-barred by the statute of limitations or fail for lack of proof of causation, and (3) denial of the motion for relief from judgment was proper because the Plaintiffs' corrected expert declaration still failed to prove specific causation.  Accordingly, we affirm the district court in all respects.  The parties are familiar with the facts of this case, so we do not recount them here. They may be found in our prior opinions published at 902 F.3d 1109 (9th Cir. 2018), and 968 F.3d 1126 (9th Cir. 2020).

1. Plaintiffs sought class certification under Fed. R. Civ. P. 23(b)(3) which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members."  The district court did not

abuse its discretion under *Leyva v. Medline Industries. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013), when it refused to certify an issue class on duty and breach. Plaintiffs failed to meet their burden to demonstrate before the district court that common questions of law predominate when they did not analyze the law of all potentially interested jurisdictions. Plaintiffs only analyzed the laws of New York, Arizona, California, and Illinois. As the district court properly observed, the putative class members include "thousands of current and former NFL players spanning 35 years of play, 32 different teams, and medications administered and distributed (and injuries suffered) in at least 23 different states." The interested jurisdictions extend beyond the four identified by Plaintiffs. This is fatal to their bid for class certification. When a plaintiff fails to meet their burden to establish commonality, the district court is not required to "sua sponte survey the law of all fifty states." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 562 n.6 (9th Cir. 2019).

2. We review de novo a district court's grant of summary judgment to "determine, viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011) (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)).

The district court did not err when it granted the NFL summary judgment. The statute of limitations bars Plaintiffs' claims for musculoskeletal injuries, certain latent internal organ injuries, and later addiction because Plaintiffs were on sufficient inquiry notice of the NFL's conduct at the time they played football—the same conduct that now forms the basis of their negligent voluntary undertaking claims. Diligent investigation would have timely revealed the necessary facts regarding the NFL's conduct. Therefore, Plaintiffs cannot avail themselves of the late discovery rule to excuse the running of the limitations statute. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 921 (Cal. 2005). The district court also properly granted summary judgment for the NFL on Wiley, Dent, and Hill's claims for internal organ injuries because Plaintiffs' expert, Dr. Leslie Benet, failed to establish specific causation between the medications taken and the internal organ injuries they alleged. Benet failed to review Plaintiffs' medical records and merely states the drugs could have caused the ailments—not that they did.

3. A district court's ruling on a Fed. R. Civ. P. 59 or 60 motion for modification of a judgment is reviewed for an abuse of discretion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (Rule 59); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (Rule 60).

The district court accepted the corrected Benet declaration and admitted it into the record after Plaintiffs realized they had provided the wrong declaration to

4

the district court on summary judgment. Because the updated declaration still failed to create a genuine dispute of fact as to specific medical causation, the district court did not abuse its discretion when it denied Plaintiffs' motion for relief from the adverse judgment previously entered.

**AFFIRMED**.